IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 19, 2012 Session

CITY OF MEMPHIS CIVIL SERVICE COMMISSION
v.
STEVEN PAYTON

Direct Appeal from the Chancery Court for Shelby County
No. CH-11-0253-2      Arnold B. Goldin, Chancellor

No. W2011-02501-COA-R3-CV - Filed November 7, 2012

SEPARATE CONCURRENCE
_____

HOLLY M. KIRBY, J., CONCURRING SEPARATELY:

I concur in the majority's holding that the followup drug screen at issue was not a "[r]ecord[]" of the identity, diagnosis, prognosis, or treatment" of Mr. Payton, and therefore was not covered by 42 U.S.C.A. § 290dd-2(a).

I write separately to clarify the status of the law in the wake of our decision.  The case of **Dickson v. City of Memphis Civil Service Comm'n**, 194 S.W.3d 457 (Tenn. Ct. App. 2005), discussed at length in the majority opinion, held under similar facts that the results of the employee's followup drug screen were inadmissible in the absence of a written consent form that complied with the federal regulations.  The holding in **Dickson** was based on the premise – indeed, the assumption – that 42 U.S.C.A. § 290dd-2 was applicable to the results of the subject employee's followup drug screen.  In the case at bar, we hold that the followup drug screen was not a record of the patient's "identity, diagnosis, prognosis, or treatment," and so 42 U.S.C.A. § 290dd-2 is not applicable to a followup drug screen.  This holding is directly contrary to the premise of this Court's holding in **Dickson**.

Our holding in this case is in accordance with what common sense tells us, that the purpose of the followup drug screen was to ensure the safety of the citizens who depend on the City's firefighters, not to assist in Payton's treatment.  Indeed, in researching this issue to reach our decision in this case, this member of the Court found no case in the nation holding that followup drug testing is subject to Section 290dd-2.  Such a holding would be at odds with the intent and purpose behind Section 290dd-2.  A consent form that comports with the

federal regulations must necessarily include a "statement that the consent is subject to revocation at any time" except under limited specific circumstances. 42 C.F.R. § 2.31(8). Requiring such a consent form would make the City's EAP program untenable, because it would allow a firefighter who had completed substance abuse treatment and had been returned to active duty to simply revoke his consent to disclosure of the results of any followup drug tests. The City would thus be left with an active duty firefighter with a known history of substance abuse and no ability to do followup drug screens. Such a situation would leave the City with little choice but to scrap its substance abuse program and discharge employees with an addiction problem on the first offense. Clearly, then, any holding that the followup drug screens are protected under Section 290dd-2 would be contrary to the intent and purpose of that statute.

I write separately to more fully explain my reasoning, and also to state expressly that our holding in this case abrogates the Court's prior holding in *Dickson v. City of Memphis Civil Service Comm'n*.

 

_____
HOLLY M. KIRBY, JUDGE